HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| LLOYD J. (JIM) TAYLOR, individually and as assignee of LARRY GREEN, <br><br> Plaintiff, <br><br> v. <br><br> SENTRY GROUP OF COMPANIES, an entity or joint venture, SENTRY INSURANCE, a foreign corporation, any SENTRY company responsible for claims (well known to the other defendants and not well known to Plaintiffs) and DAIRYLAND INSURANCE COMPANY, a foreign insurer, <br><br> Defendants. | NO. C06-5497 RBL <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

11
12
13
14
15
16
17
18
19
20
21

The  Court previously considered cross motions for summary judgment and, on November 15, 2007, dismissed Plaintiff's claims with prejudice. [Dkt. #33.]  The matter is now back before the Court on Plaintiff's motion for reconsideration.  [Dkt. #38.]  The Court has reviewed the pleadings filed in support of and in opposition to the motion for reconsideration, as well as those filed in support of and opposition to the previous motions for summary judgment and the remainder of the file herein.  For the reasons articulated in the Court's previous order, and for the additional reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

22
23
24
25
26
27

The underlying facts of this case are summarized in the Court's order of November 15, 2007.  In that

28

order, the Court concluded that there was no genuine issue of material fact that Sentry had acted in good faith in attempting to effectuate prompt, fair, and equitable settlement of Lloyd Taylor's claims against Larry Green. The Court specifically noted that Sentry had promptly tendered the policy limits in question upon notification of the claim, and that Sentry had reinstated those limits and tendered them again upon learning that the limits had been mistakenly paid without first securing a release from Mr. Taylor. The Court further noted that Mr. Taylor had unequivocally rejected each tender by Sentry of the applicable policy limits.

Plaintiff argues again in his motion for reconsideration that Sentry committed bad faith by failing to make additional attempts to convince Mr. Taylor to accept the limits of its policy, notwithstanding the earlier rejection of these limits by Mr. Taylor. The Court has been unable to locate any Washington case to support this position, and Plaintiff has failed to identify any such case – either in his response to the Defendants' motion for summary judgment or in his motion for reconsideration.

On reconsideration, the Court notes that Plaintiff's claims must fail for at least one additional reason. Plaintiff has failed to show that Sentry's conduct caused any damage to the insured, Mr. Green. An action for insurance bad faith sounds in tort, and causation of harm is an essential element of the claim. *Safeco Ins. Co. of America v. Butler*, 118 Wn.2d 383, 389, 823 P.2d 499 (1992). The same is true in an action against an insurer for negligence, *Burnham v. Commercial Cas. Ins. Co. of Newark, N. J.*, 10 Wn.2d 624, 627, 117 P.2d 644 (1941), or under Washington's Consumer Protection Act. *Industrial Indem. Co. V. Kallevig*, 114 Wn.2d 907, 920-21, 792 P.2d 520 (1999).

Here, Plaintiff has failed to produce any evidence that additional tenders of the policy limits would have resulted in settlement of Mr. Taylor's claims. Any suggestion to that effect is pure speculation. Accordingly, there is no evidence that Sentry's failure to make additional offers of settlement caused any harm to the insured, Mr. Green.[1]

On the contrary, the record is rife with evidence that any additional offer of settlement within policy limits would have been rejected by Mr. Taylor. On March 26, 2001, Sentry sent a check and an accompanying release to Mr. Taylor's then attorney, Mr. Watson. [Dkt. #16, Ex. 25.] This check was later returned. On

---

[1]Mindful that the Court need not consider facts which could have been brought to the attention of the Court earlier, through reasonable diligence, Local Rules W.D. Wash. CR 7(h)(1), the Court nonetheless reviewed the declarations filed in support of the motion for reconsideration. The Court takes particular note of the inordinate circumstances surrounding the Declaration of Nancy McKinley. Of this the Court will comment no further.

1  December 3, 2001, Sentry again offered to settle all claims against Mr. Green for the applicable policy limits.

2  [Dkt. #16, Ex. 43.] Mr. Taylor never responded to this letter. Indeed, Mr. Taylor himself testified that he had

3  never authorized any of his lawyers to settle his claim for *any* amount of money. [Dkt. #16, Ex. C, Deposition

4  of Lloyd J. Taylor, Jr.] Mr. Taylor's reluctance to settle was understandable, considering that the priority lien

5  placed on the settlement proceeds by the Department of Social and Health Services far exceeded the limits of

6  the policy. Simply put, Mr. Taylor was not willing, much less eager, to accept Sentry's tender of policy limits

7  because he would not have received any of the proceeds.

8       Plaintiff has failed to raise a genuine issue of material fact as to whether Sentry acted in good faith in

9  attempting to effectuate a prompt, fair, and equitable settlement. Moreover, Plaintiff has failed to introduce

10 any evidence that Sentry's conduct in handling the claim caused any harm to its insured, Mr. Green. Therefore,

11 IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

12      DATED this 10th day of January, 2008.

14

15 RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE